# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Diane M. TRIMBERGER, Attorney at Law.

Supreme Court

*No. 91-0339-D. Filed November 5, 1991.*

(Also reported in 476 N.W.2d 20.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Diane M. Trimberger to practice law in Wisconsin be suspended for 90 days as discipline for professional misconduct. That misconduct consisted of having misrepresented to a client that she settled a personal injury action in a specified amount, when there had been no such settlement and the settlement payment she made to the client had come from her personal funds. In addition, Attorney Trimberger failed to turn

over the client's file to successor counsel upon request and failed to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) investigating this client's grievance, as well as the grievance of another client.

We determine that the recommended 90-day license suspension is appropriate discipline for Attorney Trimberger's misconduct. She violated her duty to pursue her client's interests and then misrepresented to the client her failure to do so. Also, she disregarded that client's interests by failing to turn over the file to successor counsel. That misconduct, coupled with her failure to respond to Board inquiries, warrants a 90-day suspension of Attorney Trimberger's license.

Attorney Trimberger was admitted to practice law in Wisconsin in 1984 and practices in Neillsville. She has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Janet A. Jenkins.

Attorney Trimberger stipulated to the allegations of misconduct set forth in the Board's complaint and the referee made findings of fact based on that stipulation. In May, 1985, Attorney Trimberger was retained to commence a personal injury action. Following a trial held in March, 1986 on the issue of coverage, the insurer admitted coverage and issues of negligence and damages were reserved for a subsequent hearing.

Attorney Trimberger had no settlement negotiations with the insurer prior to that hearing and following the hearing the client told her he did not want to pursue settlement until a pending traffic charge and a pending divorce were completed. He had Attorney Trimberger send a "letter of protection" to a bank where the client had obtained a $1,500 loan based on the expectation of

repayment with funds he would receive in the eventual settlement of the personal injury claim.

In August, 1988, the client told Attorney Trimberger he needed money immediately and said that if he could realize $5,000, he would be willing to settle his claim, adding that he was not concerned with the amount of expenses or attorney fees. Shortly thereafter, Attorney Trimberger gave the client a check drawn on her law office general account in the amount of $5,138.76, telling him that the payment was based on a $7,500 settlement of his claim, from which she had taken $2,000 as her fee and $361.24 as payment of disbursements in the matter.

In early 1989, another attorney retained by the client to look into Attorney Trimberger's handling of his personal injury claim asked Attorney Trimberger to send him a copy of her file in the matter. Attorney Trimberger did not do so, even though the client's action was still pending in circuit court.

The client then filed a grievance with the Board concerning Attorney Trimberger's failure to give her file to successor counsel. In the course of the Board's investigation of the grievance, Attorney Trimberger did not respond to two written requests for information, failed to appear at a meeting of the district professional responsibility committee in the matter and failed to appear at the Board's office to respond. She eventually appeared and admitted that she had misrepresented to the client that she had settled his claim. She said she never had settlement negotiations with the insurer and that the payment she made to the client came from her personal funds, as did the $1,500 she paid to the bank to which she had furnished the "letter of protection" on her client's behalf. She added that the disbursements in the client's action were absorbed by her law firm.

In another matter, Attorney Trimberger was retained in September, 1987, to pursue a $750 collection matter. While that matter was pending, the client asked her to send him his file. The district professional responsibility committee ascertained that, although the client did not receive it, Attorney Trimberger had mailed the file to him. During the Board's investigation of this matter, Attorney Trimberger failed to respond to three letters of inquiry concerning the client's grievance.

The referee concluded that Attorney Trimberger's misrepresentation to her personal injury client concerning the purported settlement of his claim and her payment to him of her own funds in settlement of his claim constituted conduct involving deceit and misrepresentation, in violation of SCR 20:8.4(c).[1] Further, her failure to turn over the client's file to successor counsel despite several requests to do so constituted failure to take steps reasonably practicable to protect a client's interests upon termination of representation, in violation of SCR 20:1.16(d).[2] Finally, her failure to appear at the district committee meeting and to appear at the Board's office and her failure to respond to Board's request for information concerning the personal injury client's grievance,

---

[1]SCR 20:8.4 provides: "**Misconduct.** It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;"

[2]SCR 20:1.16 provides:

**Declining or terminating representation.**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fees that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

as well as the grievance of the client in the collection matter, violated SCR 22.07(2) and (3).[3]

We determine that the 90-day license suspension recommended by the referee is appropriate discipline for Attorney Trimberger's misconduct.

IT IS ORDERED that the license of Diane M. Trimberger to practice law in Wisconsin is suspended for a period of 90 days, commencing December 6, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Diane M. Trimberger pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Diane M. Trimberger to practice law in Wisconsin shall remain suspended until further order of the court.

---

[3]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

IT IS FURTHER ORDERED that Diane M. Trimberger comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.