IN the MATTER OF DISCIPLINARY PROCEEDINGS Diane M. TRIMBERGER, Attorney at Law.

Supreme Court

*No. 92-0944-D. Filed November 12, 1992.*

(Also reported in 491 N.W.2d 90.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Diane M. Trimberger to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of the following: making numerous court appearances as an attorney while her license to practice law was suspended for failure to comply with continuing legal education requirements, representing and billing clients for services rendered or to be rendered during that period of license suspension and failing to respond to requests

from the Board of Attorneys Professional Responsibility (Board) investigating client grievances.

We determine that the recommended six-month license suspension is appropriate discipline to be imposed for Attorney Trimberger's misconduct. While that misconduct might warrant more severe discipline, there is evidence in the record to suggest that Attorney Trimberger may have discontinued the practice of law. In any event, pursuant to the court's rules, a six-month license suspension will ensure that her license will not be reinstated without application, investigation by the Board and order of the court.

Attorney Trimberger was admitted to practice law in Wisconsin in 1984 and practiced in Neillsville. In 1991 the court suspended her license for 90 days as discipline for having misrepresented to a client that she settled a personal injury action in a specified amount, when there had been no such settlement, paying the client with her personal funds what purported to be settlement proceeds, failing to turn over the client's file to successor counsel upon request and failing to respond to inquiries from the Board investigating grievances of two clients. *Disciplinary Proceeding Against Trimberger,* 164 Wis. 2d 478, 476 N.W.2d 20 (1991).

The parties stipulated to and the referee, the Honorable Rodney Lee Young, found the following facts. After her license to practice law was suspended on June 7, 1991 for her failure to comply with continuing legal education requirements, Attorney Trimberger continued to practice law, making at least 22 appearances in circuit court for Clark county during the next six weeks. On October 21, 1991 that circuit court found her guilty of practicing law without a license and imposed a fine of $500. Also while under that suspension, Attorney Trimberger sent several clients letters on letterhead sta-

tionery identifying her as an attorney and billed clients for services performed during that period and to be performed thereafter.

In its investigation of this matter, the Board asked Attorney Trimberger to provide a written response to allegations that she had engaged in the practice of law while suspended. Attorney Trimberger did not respond to numerous letters she received from the Board seeking her response.

The referee concluded that Attorney Trimberger made court appearances on behalf of clients while her license to practice law was suspended, in violation of SCR 20:5.5(a);[1] her violation of the criminal statute, sec. 757.30(1), proscribing the unauthorized practice of law constituted a violation of 20:8.4(b); billing clients for services performed at a time when her license to practice law was suspended constituted misrepresentation, in violation of SCR 20:8.4(c);[2] failing to respond to several requests from the Board to respond to client grievances violated SCR 22.07(2).[3]

---

[1]SCR 20:5.5 provides:

**Unauthorized practice of law**
 A lawyer shall not:
 (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction;

[2]SCR 20:8.4 provides:

**Misconduct**
 It is professional misconduct for a lawyer to:
 . . .
 (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[3]SCR 22.07 provides:

**Investigation**

We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline. Attorney Trimberger's refusal to be bound by the court's rules requiring continued legal education for all lawyers licensed to practice law in Wisconsin, her failure to cooperate with the court's disciplinary board charged with investigating attorney professional misconduct and her continuing to practice law in total disregard of the suspension of her license to do so demonstrate her disregard for the interests of the public and the requirements imposed by the court on those who would represent the public in the legal system.

IT IS ORDERED that the license of Diane M. Trimberger to practice law in Wisconsin is suspended for a period of six months, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Diane M. Trimberger pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Diane M. Trimberger to practice law in Wisconsin shall remain suspended until further order of the court.

---

. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

It Is Further Ordered that Diane M. Trimberger comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.